**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10414 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-00692-JGZ-LAB-1 |
| v. | |
| MAURICIO ORTEGA-CAZARES, AKA Mauricio Ortega-Cazarez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted July 9, 2015[**]
San Francisco, California

Before: GILMAN,[***] GRABER, and WATFORD, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Ronald Lee Gilman, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

Mauricio Ortega-Cazares challenges the 40-month prison sentence imposed following his guilty plea for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We affirm.

This is Ortega-Cazares's second appeal of his sentence. He was initially sentenced to 40 months in prison and a two-year term of supervised release. That sentence rested, in large part, on a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for Ortega-Cazares's having previously been convicted of a crime of violence—namely, a 2009 New York conviction for attempted second-degree assault. While Ortega-Cazares's appeal was still pending, this court granted the parties' joint motion to vacate his sentence due to the government's failure to provide the district court with any documentation specifying the statutory basis for Ortega-Cazares's New York conviction. Such proof is required to justify the § 2L1.2(b)(1)(A)(ii) enhancement.

At resentencing, the government provided additional documentation in the form of the transcript from Ortega-Cazares's change-of-plea hearing in state court, the New York indictment, and a certificate of disposition. The district court again applied the crime-of-violence enhancement and imposed the same sentence as before.

Ortega-Cazares contends that the documentation before the district court on resentencing was still insufficient to prove that his prior conviction was for a crime of violence. Although Ortega-Cazares acknowledges that he was convicted of violating New York's assault statute (Penal Law § 120.05), he claims that the government failed to demonstrate that his conviction fell under Subsection (2) of that law—which Ortega-Cazares concedes would constitute a crime of violence—rather than Subsection (4), which would not trigger the enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Ortega-Cazares contends that the district could erred by failing to require the government to produce the judgment of conviction or a transcript of Ortega-Cazares's New York sentencing hearing. We disagree.

So long as the documents submitted to the district court reliably establish the statute of conviction, this court has not required the submission of a particular type of evidence. *See United States v. Romero-Rendon*, 220 F.3d 1159, 1161-62 (9th Cir. 2000) ("The Sentencing Guidelines allow judges to rely at sentencing on 'any information . . . so long as it has sufficient indicia of reliability to support its probable accuracy.'" (alteration in original) (quoting *United States v. Marin-Cuevas*, 147 F.3d 889, 894-95 (9th Cir. 1998))). The documents in question here provided sufficient proof that Ortega-Cazares was convicted under New York

3

Penal Law § 120.05(2). The indictment accused Ortega-Cazares of a "violation of Penal Law § 120.05 (2)," and the change-of-plea hearing similarly focused on the charge of "attempted assault in the second degree . . .[,] a Class E Felony in violation of Penal Law section 110 and 120.05(2)." Taken together, the documents sufficiently prove that Ortega-Cazares pleaded guilty to a violation of New York Penal Law § 120.05(2), a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii).

To the extent that Ortega-Cazares contends that the 16-level enhancement was improper because New York's attempt statute—Penal Law § 110—is broader than the federal definition of the same terms, he is mistaken. This court has previously concluded that the New York attempt statute "is no broader than the common law definition," *United States v. Rivera-Ramos*, 578 F.3d 1111, 1115 (9th Cir. 2009), and this panel may not overrule that precedent absent "clearly irreconcilable . . . intervening higher authority," *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). Despite Ortega-Cazares's argument to the contrary, no such intervening authority exists.

**AFFIRMED.**